**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN LEE HANSON, JR. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR. SUBNOSKI, et al., ) <br> ) <br> Defendants. ) | NO. CV 11-7586 CAS (SS) <br><br> **MEMORANDUM AND ORDER DISMISSING** <br><br> **COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On October 13, 2011, <u>pro se</u> plaintiff Brian Lee Hanson, Jr. ("Plaintiff") filed a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (the "Complaint") against various defendants. For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

Congress mandates that district courts initially screen civil complaints filed by a prisoner seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if the Court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff names as defendants Metropolitan Detention Center ("MDC") Medical Doctor Subnoski ("Dr. Subnoski") and MDC Warden Michael Benov ("Warden Benov" and collectively "Defendants"). (See Complaint at 3). Plaintiff sues both Defendants solely in their official capacities. (See id.).

Plaintiff alleges that his right to "fair and proper medical care" has been violated. (Id. at 5). Plaintiff also claims his rights have been violated "because doctors refused to check [his] medical history before prescribing [him] medications which resulted in [his] seizure disorder becoming worse." (Id.). Specifically, Plaintiff alleges that Dr. Subnoski violated Plaintiff's rights by "prescribing [him] medications that [he] wasn't suppose to take nor mix together." (Id.). Plaintiff contends that because Dr. Subnoski prescribed Plaintiff certain medications, Plaintiff suffered "a massive seizure which

resulted in [him] being found by officers in [his] cell face down on the floor." (Id.). Plaintiff claims he suffered a seizure due to improper medication which caused him to suffer an "overdose." (Id.). Plaintiff alleges that because of Dr. Subnoski's actions, Plaintiff "was unconscious and in ICU for a total of eight days not able to speak or move [his] limbs for the first few days nor was [he] able to remember anything." (Id.).

Plaintiff seeks compensatory damages in the amount of $750,000, and believes the "MDC-Los Angeles medical staff needs to be reviewed for there [sic] lack of providing proper medical care." (Id. at 6).

## III.
## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   To The Extent Plaintiff Is Suing Warden Benov Simply For His Role As The Warden Of The Institution, Plaintiff Fails To State A Claim**

Plaintiff names Warden Benov as a defendant. (Complaint at 3). However, Plaintiff's Complaint fails to include specific allegations that Warden Benov was directly involved in the alleged constitutional

3

1 violations. Plaintiff has failed to explain how Warden Benov acted
2 under color of law, as well as allege how Warden Benov contributed to
3 a violation of Plaintiff's civil rights. (Id. at 3-6). Plaintiff must
4 establish that the defendant had personal involvement in the civil
5 rights violation or that his action or inaction caused the harm
6 suffered. There is no "supervisory liability" in Bivens actions.
7 Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); Starr v.
8 Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). "[E]ach Government official,
9 his or her title notwithstanding, is only liable for his or her own
10 misconduct." Iqbal, 129 S. Ct. at 1949.

12   Here, Plaintiff's Complaint does not allege facts that establish
13 either personal involvement by Warden Benov or any direct causal
14 connection between Warden Benov's actions and the constitutional
15 violations that Plaintiff is attempting to assert. Plaintiff must
16 allege specific facts showing what Warden Benov personally did or did
17 not do, when and where, and how his action or inaction directly caused
18 a violation of Plaintiff's civil rights. Accordingly, the claims
19 against the Warden are dismissed, with leave to amend. However,
20 Plaintiff is cautioned that in any amended complaint, he should only
21 name defendants who personally participated in the alleged
22 constitutional violations or whose action or inaction caused the
23 violations.
24 \\
25 \\
26 \\
27 \\
28

**B.   To The Extent Plaintiff Is Attempting To Claim Dr. Subnoski Was Deliberately Indifferent To Plaintiff's Medical Needs, Plaintiff's Allegations Fail To State A Claim**

Plaintiff claims that Dr. Subnoksi violated his right "to fair and proper medical care" because Dr. Subnoski failed to check Plaintiff's medical history prior to prescribing Plaintiff medication. (Complaint at 5). Plaintiff asserts that Dr. Subnoski prescribed Plaintiff medication that Plaintiff was not supposed to take, nor mix together with other prescribed medication. (Id.). Plaintiff claims that because Dr. Subnoski prescribed certain medication to Plaintiff, he suffered a "massive seizure" and was found face-down by officers in his cell. (Id.). Plaintiff claims that he suffered a seizure because his "medication levels were too high [which] caused a medical overdose." (Id.). Plaintiff asserts that Dr. Subnoski knew that he had a "seizure disorder" but still prescribed Plaintiff certain medications that clearly stated "do not mix with certain medications or do not prescribe if person has a history of seizure[s]." (Id.).

To the extent Plaintiff is attempting to claim that Dr. Subnoski was deliberately indifferent to Plaintiff's medical needs at MDC, Plaintiff's allegations fail to state a claim. (Complaint at 3, 5). A defendant is liable for the denial or delay of medical care for a prisoner's serious medical needs only when the defendant is deliberately indifferent to the prisoner's known serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be

established." May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted). "[M]ere malpractice, or even gross negligence," in the provision of medical care does not establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's allegations fail to state a claim for deliberate indifference. Instead, it appears that Plaintiff has alleged a claim based upon negligence. Plaintiff asserts that Dr. Subnoski failed to adequately check Plaintiff's medical history before prescribing him medication. (Complaint at 5). Further, Plaintiff alleges that Dr. Subnoski prescribed Plaintiff incorrect medication for Plaintiff that caused a seizure. (Id.). These allegations do not satisfy the elements for a deliberate indifference claim, as noted above. As such, the Court dismisses Plaintiff's claim based upon deliberate indifference to medical needs. However, leave to amend is granted.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall **cure the defects** described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, the Plaintiff should make clear the nature and grounds for each claim and specifically identify the defendants he maintains are liable for that claim. In addition, each page of the First Amended Complaint must be legible and consecutively numbered.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience</u>.**

DATED: November 9, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**