1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  BRIAN LEE HANSON, JR.           )   NO. CV 11-7586 CAS (SS)
                                    )
12                     Plaintiff,   )
                                    )   **MEMORANDUM AND ORDER DISMISSING**
13            v.                    )   **COMPLAINT WITH LEAVE TO AMEND**
                                    )
14  DR. SUBNOSKI,                   )
                                    )
15                     Defendant.   )
    _____)
16

17

18

19                                  **I.**

20                              **INTRODUCTION**

21

22        On December 1, 2011, <u>pro se</u> plaintiff Brian Lee Hanson, Jr.

23  ("Plaintiff") filed a First Amended Complaint (the "FAC") pursuant to

24  <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>,

25  403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  For the reasons

26  stated below, the FAC is dismissed with leave to amend.[1]

27  _____

28        [1]  Magistrate judges may dismiss a complaint with leave to amend
    without approval of the district judge.  See <u>McKeever v. Block</u>, 932 F.2d
    795, 798 (9th Cir. 1991).

1    Congress mandates that district courts initially screen civil
2  complaints filed by a prisoner seeking redress from a governmental
3  entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such
4  a complaint, or any portions thereof, before service of process if the
5  Court concludes that the complaint (1) is frivolous or malicious, (2)
6  fails to state a claim upon which relief can be granted, or (3) seeks
7  monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-
9  27 & n.7 (9th Cir. 2000) (en banc).

10
11                                **II.**
12                  **ALLEGATIONS OF THE COMPLAINT**
13
14    Plaintiff names as defendant Metropolitan Detention Center ("MDC")
15  Medical Doctor Subnoski ("Defendant").  (FAC at 3).  Plaintiff sues
16  Defendant solely in his official capacity.  (Id.).
17
18    Plaintiff attempts to allege that his right to "fair and proper
19  medical care" has been violated because Defendant prescribed Plaintiff
20  "several medications which he failed to research against [his] medical
21  history." (FAC at 5).  Because Defendant prescribed Plaintiff improper
22  medications, Plaintiff suffered an "overdose" and "was found in [his]
23  cell on the floor because of a massive seizure." (Id.).  Plaintiff
24  states that he has "a history of seizures which [he] is taking
25  medication for" and contends that the medication he was given by
26  Defendant "was not meant for a person who suffers from a seizure
27  disorder." (Id.).  According to Plaintiff, such a warning was "clearly
28  stated on the side effects label" and Defendant ignored those warnings.

2

1  (Id.).  Because of Defendant's actions, Plaintiff "was in the ICU at
2  White Memorial Hospital for eight days," six of which he was unconscious
3  and that he "lost [his] speech, couldn't walk, and lost [his] memory for
4  over five days."  (Id.).  Plaintiff contends that Defendant also
5  violated his rights because even though Plaintiff requested to see
6  Defendant on several occasions, Defendant "purposefully ignored [his]
7  inmate request to staff form" [sic] and all of his requests went
8  unanswered.  (Id.).

9

10  Plaintiff seeks compensatory damages in the amount of $750,000.
11  Plaintiff also seeks injunctive relief in the form of an order requiring
12  the BOP Medical Board to "review Dr. Subnoski['s] medical judgment,
13  behavior as well as his medical license."  (Id. at 6).

14

15                              III.

16                           DISCUSSION

17

18  Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss
19  Plaintiff's Complaint due to defects in pleading.  Pro se litigants in
20  civil rights cases, however, must be given leave to amend their
21  complaints unless it is absolutely clear that the deficiencies cannot
22  be cured by amendment.  See Lopez, 203 F.3d at 1128-29.  Accordingly,
23  the Court grants Plaintiff leave to amend, as indicated below.
24  //
25  //
26  //
27  //
28  //

**A.    To The Extent Plaintiff Is Attempting To Claim That Defendant Was Deliberately Indifferent To Plaintiff's Medical Needs, Plaintiff's Allegations Fail To State A Claim**

Although the nature of the claims Plaintiff is attempting to assert in the First Amended Complaint is unclear, Plaintiff alleges that Defendant prescribed Plaintiff medication, despite warnings on the medication label, that Plaintiff was not supposed to take due to his seizure disorder.  (FAC at 5).  As a result of this improperly prescribed medication, Plaintiff suffered a "massive seizure" and was found face-down by officers in his cell.  (Id.)

To the extent Plaintiff is attempting to claim that Defendant was deliberately indifferent to Plaintiff's medical needs, Plaintiff's allegations fail to state a claim.  (Id. at 3, 5).  Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment.  West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  A prisoner must show that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006);  Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995). There must also be a purposeful act or failure to act on the part of the official resulting in harm to Plaintiff.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Moreover, deliberate indifference "'entails something more than mere negligence.'"  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.

4

1   2005) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 835, 114 S. Ct. 1970,

2   128 L. Ed. 2d 811 (1994).   "[M]ere malpractice, or even gross

3   negligence," in the provision of medical care does not establish a

4   constitutional violation. <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th

5   Cir. 1990); <u>see also</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct.

6   285, 50 L. Ed. 2d. 251 (1976) ("[A] complaint that a physician has been

7   negligent in diagnosing or treating a medical condition does not state

8   a valid claim of medical mistreatment under the Eighth Amendment").

9

10      Plaintiff's allegations fail to state a claim for deliberate

11  indifference.   It is not apparent from the allegations that Plaintiff

12  has alleged anything other than medical negligence.   Plaintiff asserts

13  that Defendant failed to properly check Plaintiff's medical history

14  against the prescribed medications, causing him to have a seizure.

15  (<u>Id</u>.).   According to Plaintiff, Defendant failed to see Plaintiff after

16  numerous requests.   (<u>Id</u>.).   These allegations do not satisfy the

17  elements for deliberate indifference.   Plaintiff must allege, if he can,

18  facts showing that Defendant "had a sufficiently culpable state of mind"

19  in prescribing the medication and nonetheless prescribed the medication.

20  As such, Plaintiff's claim for deliberate indifference is dismissed.

21  However, leave to amend is granted.

22

23  **B.   To The Extent Plaintiff Is Stating A Tort Claim, Plaintiff Has Not**

24      **Alleged Exhaustion**

25

26      Although the First Amended Complaint is unclear, Plaintiff may be

27  attempting to allege a tort claim, such as medical negligence, against

28  Defendant.   However, Plaintiff must demonstrate exhaustion of

administrative remedies before a tort suit may be brought against the United States.  28 U.S.C.A § 2675(a);  see also McNeil v. United States, 508 U.S. 106, 107, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) (internal quotation marks omitted) ("The Federal Tort Claims Act (FTCA) provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies.").  If Plaintiff intends to proceed with a tort claim against the United States, he must first exhaust his administrative remedies.

## C.   Defendant Is Immune From Suit In His Official Capacity

Plaintiff is suing Dr. Subnoski, an employee of the MDC, in his official capacity.  (FAC at 3).  This defendant is immune from suit in his official capacity, however, at least for claims seeking monetary relief.  Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) (Bivens actions can only "be maintained against a defendant in his or her individual capacity").  As such, the complaint, to the extent it seeks monetary damages against the individual defendant, is defective and must be dismissed.  If Plaintiff intends to proceed with this action, he may only sue this individual defendant in his individual capacity for money damages.   To the extent Plaintiff intends to seek injunctive relief, he must name the defendant who can properly afford him the relief he seeks.

**IV.**

**CONCLUSION**

For the reasons stated above, the First Amended Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint.  In any amended complaint, the Plaintiff shall **cure the defects** described above. The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to any previous Complaint.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached**.  In any amended complaint, the Plaintiff should make clear the nature and grounds for each claim and specifically identify the defendants he maintains are liable for that claim.  In addition, each page of the Second Amended Complaint must be legible and consecutively numbered.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be**

7

dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). **Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: February 6, 2012

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28